ROBERT S. GOLDFARB, ADMINISTRATOR C. T. A. OF THE ESTATE OF MILTON MANN, DECEASED, PLAINTIFF, v. ARLINE MANN AND JEFFREY MANN, LEGATEES UNDER THE LAST WILL AND TESTAMENT OF MILTON MANN, DECEASED, DEFENDANTS.

Hudson County Court
Probate Division

December 7, 1976.

Mr. *Melvin Gittleman* for plaintiff (*Messrs. Gittleman and Anastasi*, attorneys).

Mr. *Antranig Aslanian* for defendant Arline Mann (*Messrs. Gigante and Aslanian*, attorneys).

Mr. *Charles F. Krause, III* for defendant Jeffrey Mann (*Messrs. Riemenschneider & Krause*, attorneys).

GILMORE, J. J. D. R. C., Temporarily Assigned. The disposition of money is the problem besetting the administrator *c.t.a.* of the estate of Milton Mann. The financial tug of war is between Arline Mann, the widow, legatee of a specific bequest, and Jeffrey Mann, the son by a prior marriage and residuary legatee. The facts are easily capsulized and not substantially disputed.

Prior to his death on January 10, 1976 decedent operated the Mildred Mann Dress Shop located at 7715 Bergenline Avenue, North Bergen, New Jersey. He incurred obligations for merchandise, arising out of and in the course of said business and for which there are debts outstanding and due.

A reproduction of a portion of his will speaks for itself:

3. I specifically grant and bequeath to my wife Arline Mann the following property absolutely and in fee:
 A. All my interest in the real and personal property at 7715 Bergenline Avenue, North Bergen, New Jersey, including the business known as Mildred Mann Dress Shop;
 B. All the money in my accounts at the First National Bank of North Bergen and the North Jersey National Bank in my name or in my name trading as Mildred Mann.

The administrator is beset by antithetical contentions. The widow asserts the debts should be satisfied from the residuary estate. The son declares that the business should pay its own obligations.

No oral testimony was proffered but the court was provided with three affidavits in addition to the federal income tax return for the fiscal year 1975. The affidavits are models of brevity. The words of the accountant are too few to summarize:

Over the last several years, Mr. Mann had been spending less time in the business due to some health problems that he had. It is my opinion that this was the direct cause of the business to continue to decrease over the years. In other words, the year 1973 showed a significant diminishing of business over 1972; 1974 showed a further drop in business over 1973; and 1975 showed an

even greater drop in business over 1974. Since Mr. Mann's demise, the business has further diminished.

Next comes Marion Rosenblum, a social friend of decedent and widow for ten years. Without the use of a calendar she deposes:

> I heard the decedent say that he had a good business and if anything ever happened to him, Arline is well provided for under his Will that she will get his dress business and building free and clear. That she will have nothing to worry about and that she will have no headaches and that my estate will pay all my bills.

In the procession of deponents, Mildred Schreier was the most voluble. She had been an employee of the Mildred Mann Dress Shop for 30 years, and still is. She proclaims:

> I was present in the Mildred Mann store just prior to the Christmas holiday 1975 and heard a conversation between the decedent and his wife, Arline Mann concerning the decedent's health and business. I heard the decedent tell his wife that if anything happens to me you don't have anything to worry about, you will get this business free and clear and you will be able to make a good living for yourself.
>
> On numerous occasions, during the course of conversation the decedent said that my wife is getting this business, that all the debts are being paid by my estate and she has nothing to worry about.
>
> That the year 1975 was a fairly good business year for the decedent and that most of the merchandise bought by the decedent for the fall season was sold for cash and a minimum of accounts receivable left.

Schedule C of the tax return of the business discloses a profit of $8752.54 and is entitled "Milton and Arlene Mann."

At first blush it is evident that the accountant does not share the rose-colored view that the distaff deponents exhibit of the financial aspects of the business.

Evaluating the affidavits, one cannot place great reliance in the language employed by the female affiants. I cannot imagine the conversation of decedent bristling with "all the debts are being paid by my estate," or "my estate will

pay all my bills". Such averments inspire little confidence. Noticeably lacking is any such talk with the accountant — the one person who knew the debits and credits.

Dusting off our hallowed *Equity Reports* we uncover a few cases dealing with the question of what passes under the term "business" as employed in a will. In *Coyle v. Donaldson,* 91 *N. J. Eq.* 138 (Ch. 1919), the court said that a gift of a coal business passed to the legatee the difference between accounts receivable and accounts payable. Similarly, the beneficial receiver of a bequest of a "printing business" was interpreted to mean the business as a going concern, together with a bank account plus the accounts receivable, less the accounts payable. *Murphy v. Murphy,* 118 *N. J. Eq.* 108 (Ch. 1935), aff'd, 119 *N. J. Eq.* 83 (E. & A. 1935). Also in accord, the legatee of a general insurance business was held entitled to the difference, if any, between the bills receivable and those payable. *Van Buren v. Plainfield Trust Co.,* 130 *N. J. Eq.* 244 (Ch. 1941).

Of course, for debts to be payable by the legatee of a business it must be established that the debts arose from the conduct of the business. This fact is patently acknowledged in this case.

It might be noted, in passing, that the business legatee cannot even seek solace from the usual testatory expression to "pay all my just debts". This will is devoid of same.

A judgment may be presented in accordance with the views above expressed. Implicit in said judgment is the preservation of the rights of all creditors who are not parties to this proceeding.